**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 94-10809

MICHAEL ELLIOTT AND VIVIAN ELLIOTT,

Plaintiffs-Appellees,

VERSUS

ROBERT TILTON AND MARTE TILTON (Each Individually and d/b/a
ROBERT TILTON MINISTRIES), WORD OF FAITH WORLD OUTREACH CENTER
CHURCH, INC., and WORD OF FAITH OUTREACH CENTER CHURCH,

Defendants-Appellants.

Appeal from the United States District Court
For the Northern District of Texas

November 7, 1995

Before HIGGINBOTHAM and PARKER, Circuit Judges, and MCBRYDE[1],
District Judge.

ROBERT M. PARKER, Circuit Judge:

I.  PROCEDURAL HISTORY

Plaintiffs Michael and Vivian Elliott sued Robert Tilton,
Marte Tilton, Word of Faith World Outreach Center Church, Inc.
("the Incorporated Church"), and Word of Faith World Outreach
Center Church ("the Church") alleging fraud, intentional infliction
of emotional distress, conspiracy, and breach of contract.  After

---

[1]District Judge of the Northern District of Texas, sitting
by designation.

trial, the jury returned a verdict for Plaintiffs. Defendants appealed. In our opinion of August 31, 1995, this court vacated the judgment of the district court and dismissed Plaintiffs' claims without prejudice after finding that Plaintiffs failed in their burden to establish subject matter jurisdiction by not alleging the citizenship of each of the members of the Church. *Elliott v. Tilton*, 62 F.3d 725 (5th Cir. 1995).

Plaintiffs then moved to dismiss the Church as a nondiverse party in order to achieve diversity after judgment. This motion was filed within the fourteen days allowed by F.R.A.P. 40 for filing of a petition for rehearing. Although Plaintiffs failed to file a timely petition for rehearing, they did file a motion asking this court to treat their motion to dismiss as a petition for rehearing. Such motion was granted. We now grant the petition for rehearing and withdraw our earlier opinion.


## II.  ANALYSIS

Plaintiffs moved to dismiss the Church as a nondiverse party in order to achieve diversity after judgment on the grounds that the Church is not an indispenable party and dismissing the Church would not prejudice the remaining Defendants. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S. Ct. 2218 (1989). In *Newman-Green*, the Court held:

> Although we hold that the courts of appeals have the authority to dismiss a dispensable nondiverse party, we emphasize that such authority should be exercised sparingly. In each case, the appellate court should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation. It may be that the presence of the nondiverse party produced a tactical advantage for one

> party or another. If factual disputes arise, it might be appropriate to remand the case to the district court, which would be in a better position to make the prejudice determination.

*Newman-Green*, 490 U.S. at 837-38, 109 S. Ct. at 2225.

In the present case, the district court is in a far better position to weigh the contentions of the parties concerning trial tactics and the impact the presence of the nondiverse party had on the remaining Defendants. We therefore remand the case to the district court to make the appropriate determinations and to rule on the motion to dismiss. We neither state nor imply any indication of our views as to the merits of these issues. Furthermore, if the motion to dismiss is granted, the district court is instructed to reform the judgment accordingly; if the motion is denied, the district court is instructed to dismiss Plaintiffs' claims without prejudice for lack of subject matter jurisdiction.

We therefore REMAND the case to the district court.